IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHANNON D. YOUNG )
)
v. ) NO: 3:12-0009
)
REUBEN HODGE, et al. )

**O R D E R**

The plaintiff has filed a motion (Docket Entry No. 65) to initiate a discovery conference, pursuant to Rule 26(f) of the Federal Rules of Civil Procedure or, alternatively, to exempt him from Rule 26(f) of the Federal Rules of Civil Procedure and give him permission to engage in discovery. Defendant Andrews has filed a response (Docket Entry No. 66), to which the plaintiff has filed a reply. See Docket Entry No. 67.

The motion is DENIED. The requirements of Rule 26(f) do not apply to proceedings that are exempted from initial disclosures under Rule 26(a)(1)(B). See Rule 26(f)(1). One such exempted proceeding is an action brought without an attorney by a person in the custody of a state. See Rule 26(a)(1)(B)(iv). Accordingly, Rule 26(f) does not apply to the prisoner plaintiff's pro se action. There is no need for the Court to exempt the plaintiff from Rule 26(f) as he requests because the rules's requirements do not apply to him, and the plaintiff does not have to be granted leave to engage in discovery.

In his reply, the plaintiff states that part of his motion is intended to request that the Court, pursuant to Rule 35(a)(1) of the Federal Rules of Civil Procedure, order that he undergo a physical examination by an ear specialist. See Docket Entry No. 67. This request is DENIED.

Rule 35(a)(1)-(2) provides that, upon motion for good cause and notice to all parties and the person to be examined, "the court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner." Determining whether to grant a motion bought under Rule 35 "requires discriminating application by the trial judge" to ensure that "the party requesting a mental or physical examination or examinations has adequately demonstrated the existence of the Rule's requirements of 'in controversy' and 'good cause....'" Schlagenhauf v. Holder, 379 U.S. 104, 118–19, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). The Court has reviewed the plaintiff's request and finds that good cause has not been shown for the requested physical examination and there has been no showing of conditions necessitating such an examination. Further, Rule 35 is not a vehicle for a plaintiff to seek a court ordered examination of his own person. See Berg v. Prison Health Servs., 376 Fed.Appx. 723, 2010 WL 1539057 (9th Cir. Ap. 19, 2010); Rhinehart v. Scutt, 2010 WL 3701788, *3 (E.D. Mich. Aug. 16, 2010); Smith v. Carroll, 602 F.Supp.2d 521, 526 (D. Del. 2009).[1]

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

JULIET GRIFFIN
United States Magistrate Judge

---

[1] The Court notes that the plaintiff does not indicate who would make arrangements or incur the costs for such an examination.