IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

SHANNON D. YOUNG )
 )
v. ) NO: 3:12-0009
 )
REUBEN HODGE, et al. )

**O R D E R**

The plaintiff has filed a motion (Docket Entry No. 63) to compel service of process. By his motion, he seeks assistance in obtaining information about four defendants, "Captain" Davis, Steve Cernawsky, Mike Crutcher, and "Nurse Kim," for whom process was returned unexecuted and to have the U.S. Marshal re-serve these defendants. As noted by the plaintiff, the explanations provided with the unexecuted process were that Captain Davis was on extended medical leave, Steve Cernawsky no longer was employed by Corizon, "Nurse Kim" was unable to be served because her identity was not know without a last name, and Mike Crutcher was on extended medical leave and not expected to return. See Docket Entry Nos. 20, 24, and 31-34.

The plaintiff's motion is DENIED as to Defendant Mike Crutcher because, by contemporaneously entered Report and Recommendation, the Court has recommended that Defendant Crutcher be dismissed from the action. If this recommendation is rejected, the plaintiff is granted leave to refile the motion as to defendant Crutcher.

The plaintiff's motion is GRANTED as to Defendants Davis and Cernawsky. Under Federal Rule of Civil Procedure 4(c)(3), when a plaintiff is proceeding in forma pauperis pursuant to 28 U.S.C. § 1915, the district court must direct that service be effected by a United States Marshal,

Deputy United States Marshal, or other person or officer specifically appointed by the Court for that purpose. Although neither Rule 4 nor Section 1915 provides guidance for the Court's obligation, if any, when the initial attempt to serve process is not effectuated, the Sixth Circuit Court of Appeals addressed the issue in <u>Fitts v. Sicker</u>, 232 Fed. Appx. 436, 443-444, 2007 WL 419623 (6th Cir. Feb. 8, 2007), an unpublished decision in which a prison inmate requested an order from the court directing the Michigan Department of Corrections, which was not named as a defendant, to provide the address of a former prison employee. After reviewing decisions from other courts which involved the issue, the Sixth Circuit in <u>Fitts</u> held that it would have been permissible for the court to have directed the Michigan Department of Correction to provide the former employee's last known address. The Sixth Circuit nonetheless noted that there was no obligation on the district court to actively seek out the address of a defendant so that service can be effectuated.

Accordingly, Defendant Hodge, Defendant Crutcher, or any other representative of the Tennessee Department of Correction shall file a notice with this Court of the last known address of Captain F/N/U Davis, who was employed at the Riverbend Maximum Security Institution but is on medical leave. Such notice may be filed under seal and shall be filed within fourteen (14) days of entry of this Order. Upon the filing of the notice, the Clerk shall re-issue process to Captain Davis at the address listed in the notice and shall ensure that the service of process documents do not list the home address of Defendant Davis.

In addition, Corizon Healthcare, Inc., f/k/a Correctional Medical Services ("Corizon"), shall file a notice with this Court of the last known address of Steve Cernawsky, who was formerly employed by Corizon. Such notice may be filed under seal and shall be filed within fourteen (14) days of entry of this Order. Upon the filing of the sealed notice, the Clerk shall re-issue process to

Steve Cernawsky at the address listed in the notice and shall ensure that the service of process documents do not list the home address of Defendant Cernawsky.[1]

The motion is DENIED as to Defendant "Nurse Kim." The obligation to assist plaintiffs who proceed in forma pauperis with service of process does not require either the Court or the U.S. Marshal to engage in the type of active factual investigation into the identity of a defendant as is requested by the plaintiff. The plaintiff is, of course, free to seek "nurse Kim's" last name through discovery served on Defendant Vance.

The Clerk is directed to send a copy of this Order to Corizon Health, f/k/a Correctional Medical Services, at 1900 Church Street, Suite 305, Nashville, TN 37203.

Any party desiring to appeal this Order may do so by filing a motion for review no later than fourteen (14) days from the date this Order is served upon the party. The motion for review must be accompanied by a brief or other pertinent documents to apprise the District Judge of the basis for appeal. See Rule 72.02(b) of the Local Rules of Court.

So ORDERED.

_____
JULIET GRIFFIN
United States Magistrate Judge

---

[1] An alternative would be to allow the plaintiff to issue subpoenas pursuant to Rule 45 of the Federal Rules of Civil Procedure for documents reflecting the defendants' last known addresses. That option could result in the plaintiff's obtaining the defendants' current home addresses. On the other hand, allowing TDOC and Corizon to file the information under seal protects the confidentiality of the information without the need for a motion to quash or to file the information under seal in response to a subpoena.