UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| SHANNON D. YOUNG, | ) |
|     Plaintiff, | ) |
| | ) No. 3:12-cv-0009 |
| v. | ) |
| | ) Judge Sharp |
| REUBEN HODGE, *et al.*, | ) Magistrate Judge Griffin |
|     Defendants. | ) |

## ORDER

*Pro se* Plaintiff Shannon D. Young filed this civil action *in forma pauperis* on December 8, 2010, in the Western District of Tennessee[1] against Defendants Tennessee Department of Correction ("TDOC") Assistant Commissioner Reuben Hodge, TDOC Internal Affairs officer Jason Woodall, former Riverbend Maximum Security Institution ("RMSI") Warden Ricky J. Bell, RMSI Deputy Warden Mike Crutcher, RMSI "Captain" Davis, RMSI Administrative Lieutenant Thomas Vance, RMSI Health Administrator Desiree Andrews, RMSI Classification Coordinator Bill Smith, nurse Kim ("Nurse Kim"), nurse practitioner Steve Cernawsky, and Correctional Medical Services, the medical service provider at RMSI. Plaintiff seeks damages and declaratory relief for civil rights claims brought under 42 U.S.C. § 1983 and for state law claims brought pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. His action is based upon events occurring during his confinement at RMSI in 2009 and 2010.[2]

---

[1] By Order entered January 4, 2012, the action was transferred to this District due to improper venue in the Western District. (Docket Entry No. 5).

[2] Plaintiff is an inmate of the TDOC currently confined at the West Tennessee State Prison ("WTSP").

1

On April 9, 2012, Defendant Desiree Andrew's filed a motion to dismiss. (Docket Entry No. 37). Defendants Jason Woodall, Thomas Vance, Billy Smith, Reuben Hodge, and Ricky Bell filed their motion to dismiss on May 29, 2012. (Docket Entry No. 61). Plaintiff filed responses in opposition. (Docket Entry Nos. 41 and 64).

The Magistrate Judge entered an exhaustive Report and Recommendation ("R & R") (Docket Entry No. 75) in this case on November 13, 2012, recommending the following:

> 1. the Motion to Dismiss (Docket Entry No. 37) of Defendant Desiree Andrews be GRANTED and Defendant Andrews be DISMISSED from the action;
>
> 2. the Motion to Dismiss (Docket Entry No. 61) of Defendants Jason Woodall, Billy Smith, Reuben Hodge, Ricky Bell, and Tomas Vance be GRANTED as to Defendants Woodall, Smith, Hodge, and Bell and these Defendants be DISMISSED from the action. The Motion to Dismiss (Docket Entry No. 61) be DENIED as to Defendant Thomas Vance on the plaintiff's Eighth Amendment claim against Defendant Thomas Vance[3]; and
>
> 3) the claims brought against Defendants Mike Crutcher and Correctional Medical Services be DISMISSED, pursuant to 28 U.S.C. § 1915(e)(2)(B), for failure to state a claim upon which relief can be granted and these Defendants be DISMISSED from the action.[4]

(*Id.* at 16-17). Plaintiff filed a timely objection to the R & R on November 28, 2012. (Docket Entry No. 88).

Having considered the matter *de novo* in accordance with Fed. R. Civ. P. 72(b), the Court agrees with the Magistrate Judge's recommended disposition.

---

[3] As to Defendant Vance, the Magistrate Judge concluded "the plaintiff's allegations that he was held down, denied a topical anesthetic, and endured unnecessary and "searing" pain during the removal of his earring is sufficient to state a claim that he was subjected to the unnecessary and wanton infliction of pain in violation of the Eighth Amendment. See Whitley v. Albers, 475 U.S. 312, 219, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986)." (*Id.* at 11).

[4] Defendants Crutcher and Correctional Medical Services were not participants in the pending motions to dismiss; however, the Magistrate Judge concluded "the claims brought against Defendants Crutcher and Correctional Medical Services are based on allegations that Crutcher failed to engage in after-the-fact investigations and that Correctional Medical Services failed to supervise subordinates, respectively. See Complaint, at 27-28. As set out supra, such allegations fail to state claims for relief under Section 1983. Accordingly, these two defendants should be dismissed from the action." (*Id.* at 16-17).

Accordingly, the Court hereby rules as follows:

(1) The Report and Recommendation (Docket Entry No. 75) is hereby ACCEPTED and APPROVED, and Plaintiff's objections thereto (Docket Entry No. 88) are hereby OVERRULED;

(2) *Desiree Andrews's Motion to Dismiss* (Docket Entry No. 37) is hereby GRANTED;

(3) The *Motion to Dismiss on Behalf of Defendants Jason Woodall, Thomas Vance, Billy Smith, Reuben V. Hodge and Ricky Bell* (Docket Entry No. 61) is hereby GRANTED in part and DENIED in part. The motion is GRANTED with respect to Defendants Jason Woodall, Billy Smith, Reuben Hodge, and Ricky Bell and the claims are hereby DISMISSED WITH PREJUDICE. The motion is DENIED as to Defendant Thomas Vance;

(4) The claims against Defendants Andrews, Woodall, Smith, Hodge, Bell, Crutcher, and Correctional Medical Services are hereby DISMISSED WITH PREJUDICE; and

(5) This action is hereby returned to the Magistrate Judge for further pretrial management in accordance with Local Rule 16.01 for the remaining claims against Defendants Thomas Vance, "Captain" Davis, Nurse Kim, and Steve Cernawsky.

**It is SO ORDERED.**

_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE