IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION


SHANNON D. YOUNG                    )
                                    )
       v.                           )       NO. 3:12-0009
                                    )
REUBEN HODGE, et al.                )


TO:  Honorable Kevin H. Sharp, District Judge


## R E P O R T   A N D   R E C O M E N D A T I O N

By Order entered January 11, 2012 (Docket Entry No. 7), this action was referred to the

Magistrate Judge to enter a scheduling order for management of the case, to dispose or recommend

disposition of any pretrial motions under 28 U.S.C. §§ 636(b)(1)(A) and (B), and to conduct further

proceedings, if necessary, under Rule 72(b) of the Federal Rules of Civil Procedure and the Local

Rules of Court.

Presently pending before the Court are the motion for summary judgment filed by Defendant

Steve Cernawsky (Docket Entry No. 104) and the motion for summary judgment filed by Defendants

Thomas Vance and Ed Davis (Docket Entry No. 109).  Also before the Court is the plaintiff's response

in opposition (Docket Entry Nos. 134 and 136) to the motion of Defendant Cernawsky and the reply

of Defendant Cernawsky.  See Docket Entry No. 135.  Set out below is the Court's recommendation

for disposition of the motions.

# I. BACKGROUND

The plaintiff is an inmate of the Tennessee Department of Correction ("TDOC") currently confined at the Louis DeBerry Special Needs Facility ("DSNF"). He filed this action pro se and in forma pauperis on December 8, 2010, in the Western District of Tennessee. By Order entered January 4, 2012 (Docket Entry No. 5), the action was transferred to this District because venue was improper in the Western District. The plaintiff seeks damages and declaratory relief for civil rights claims brought under 42 U.S.C. § 1983 and for state law claims brought pursuant to the Court's supplemental jurisdiction under 28 U.S.C. § 1367. The action is based upon events occurring during the plaintiff's confinement at the Riverbend Maximum Security Institution ("RMSI") in 2009 and 2010. Several claims and several defendants were included in the plaintiff's complaint, but the lawsuit was narrowed through pretrial proceedings to claims against Ed Davis, Thomas Vance, Kim l/n/u ("Nurse Kim"), and Steve Cernawsky. See Order Entered February 5, 2013 (Docket Entry No. 95).

The remaining claims arise from facts surrounding the removal of an earring from the plaintiff's left ear by prison officials on February 8, 2010. The plaintiff asserts that the earring had been permanently affixed for approximately 25 years and that he been wearing it during his TDOC incarceration without issue prior to that day.[1] However, TDOC policy does not allow male inmates to wear earrings, and the plaintiff alleges that, on February 8, 2010, Defendant Davis escorted him to Defendant Vance's office where Vance stated that the earring was going to be removed even if it was permanently affixed. The plaintiff alleges that Nurse Kim was summoned to Vance's office but was unable to remove the earring despite using two different kinds of tools or instruments and that Vance

---

[1] It is unclear how long the plaintiff had been incarcerated within the TDOC prior to February 2010, and thus how long he had worn the earring while he was a TDOC inmate.

ultimately ordered that the plaintiff be taken to the prison infirmary where the earring was eventually removed by nurse practitioner Steve Cernawsky.

The plaintiff states that he suffered searing pain during both the unsuccessful attempt and the successful removal of the earring. He alleges that his ear was not properly sanitized or numbed by Nurse Kim or Cernawsky, that prison physicians were not consulted prior to the removal of the earring, that the defendants ignored his protests that he did not consent to removal of the earring, which he terms a "medical procedure," and that information from his medical files was improperly shared with Defendant Davis by medical staff at the prison. He contends that Defendants Davis, Vance, Nurse Kim, and Cernawsky violated his Eighth Amendment rights, and that he also suffered an assault and battery under state law at the hands of Nurse Kim and Cernawsky. See Complaint (Docket Entry No. 1) at 9-20 and 26-27.

In his motion for summary judgment, Defendant Cernawsky asserts that he treated the plaintiff in a medically appropriate manner while removing the earring and did not act or fail to act in any manner that would support a constitutional claim against him. He admits that the plaintiff's head was held down and the earring was clipped off with wire cutters, but contends that proper steps were taken to use the cleanest and most sterile technique possible, that the removal of the earring was a minor procedure that did not require consultation with a physician, and that there were no observable indications of medical complications, infection, or pain during the procedure or afterwards. See Declaration of Cernawsky (Docket Entry No. 104-2). Defendant Cernawsky declares that he offered the plaintiff a local anesthetic, which the plaintiff refused, that he explained the procedure and the risks associated with the procedure to the plaintiff, and that the plaintiff offered no objection to the removal of the earring. Id. at 3-4.

By their motion, Defendants Vance and Davis assert that they were not involved in the actual removal of the earring and that their only involvement in the events was to order that the medical staff remove the earring. They contend that their actions are not sufficient to support a plausible Eighth Amendment claim against them.

The plaintiff has not responded to the motion of Defendants Vance and Davis. In his response in opposition to Defendant Cernawsky's motion, he disputes several of the factual assertions made by Cernawsky. Specifically, he contends that he was not offered an anesthetic or anything to counter the pain he experienced when the earring was removed, disputes that Defendant Cernawsky explained the procedure used to remove the earring, and contends that he did not sign a consent form to have his earring removed. See Declaration of Young (Docket Entry No. 134), at 2. The plaintiff asserts that, contrary to Defendant Cernawsky's declaration that the removal of the earring did not cause any physical injury, the plaintiff's medical records show that he was complaining of earlobe pain on February 12, 2010, see Docket Entry No. 134-1, at 20, and an Intake Questionnaire form filled out on February 23, 2010, upon his transfer to the West Tennessee State Penitentiary, notes that his left ear was draining and that there was a lesion on his left ear. Id. at 27-28. Finally, the plaintiff alleges that an entry in the plaintiff's medical records that Defendant Cernawsky asserts he made regarding the incident is a fabrication inserted at a later date. Id. at 2, ¶ 16.

Defendant Cernawsky replies by contending that the plaintiff has not responded to the Statement of Undisputed Facts (Docket Entry No. 105) filed in support of the motion for summary judgment and, thus, should be deemed to admit those facts for the purposes of the motion. Defendant Cernawsky also argues that the plaintiff's medical records have not been altered, but in fact provide further evidence that the plaintiff was treated in a medically appropriate manner and that the medical

4

notes in the days immediately after the removal of the earring indicate that there was no acute distress and did not indicate any drainage, erythema, or edema. <u>See</u> Reply (Docket Entry No. 135).

## II. STANDARD OF REVIEW

A motion for summary judgment is reviewed under the standard that summary judgment is appropriate if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Rule 56(a) of the Federal Rules of Civil Procedure. <u>See</u> <u>also</u> <u>Celotex Corp. v. Catrett,</u> 477 U.S. 317, 322-23, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). A "genuine issue of material fact" is a fact which, if proven at trial, could lead a reasonable jury to return a verdict for the non-moving party. <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In considering whether summary judgment is appropriate, the Court must "look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial." <u>Sowards v. Loudon Cnty.</u>, 203 F.3d 426, 431 (6th Cir.), <u>cert. denied</u>, 531 U.S. 875, 121 S.Ct. 179, 148 L.Ed.2d 123 (2000). In reviewing a motion for summary judgment, the Court must view the evidence and all inferences drawn from underlying facts "in the light most favorable to the party opposing the motion." <u>See</u> <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp., Ltd.</u>, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); <u>Gribcheck v. Runyon</u>, 245 F.3d 547, 550 (6th Cir.), <u>cert. denied</u>, 534 U.S. 896, 122 S.Ct. 217, 151 L.Ed.2d 155 (2001).

The moving party has the burden of showing the absence of genuine factual disputes from which a reasonable jury could return a verdict for the non-moving party. <u>Anderson</u>, 477 U.S. at 249-50. However, "[t]he moving party need not support its motion with evidence disproving the non-moving party's claim, but need only show that 'there is an absence of evidence to support the

non-moving party's case.'" <u>Hayes v. Equitable Energy Res. Co.</u>, 266 F.3d 560, 566 (6th Cir. 2001) (quoting <u>Celotex Corp.</u>, 477 U.S. at 325).

"Once the moving party has presented evidence sufficient to support a motion for summary judgment, the nonmoving party is not entitled to trial merely on the basis of allegations; significant probative evidence must be presented to support the complaint." <u>Goins v. Clorox Co.</u>, 926 F.2d 559, 561 (6th Cir. 1991). The party opposing the motion for summary judgment may not rely solely on the pleadings but must present evidence supporting the claims asserted by the party. <u>Banks v. Wolfe Cnty. Bd. of Educ.</u>, 330 F.3d 888, 892 (6th Cir. 2003). Moreover, conclusory allegations, speculation, and unsubstantiated assertions are not evidence, and are not sufficient to defeat a well-supported motion for summary judgment. <u>See</u> <u>Lujan v. National Wildlife Fed'n</u>, 497 U.S. 871, 888, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). In other words, to defeat summary judgment, the party opposing the motion must present affirmative evidence to support his or her position; a mere "scintilla of evidence" is insufficient. <u>Bell v. Ohio State Univ.</u>, 351 F.3d 240, 247 (6th Cir. 2003) (quoting <u>Anderson</u>, 477 U.S. at 252).

### III. CONCLUSIONS

<u>A. Defendant Cernawsky</u>

The motion for summary judgment filed by Defendant Cernawsky should be granted. As an initial matter, the Court rejects Defendant Cernawsky's argument that the plaintiff should be deemed to have admitted the facts set out in the defendant's Statement of Undisputed Facts. Although Defendant Cernawsky is technically correct that the plaintiff has not properly responded to the motion

for summary judgment because of his failure to directly respond to Defendant Cernawsky's Statement of Undisputed Facts, the plaintiff is a pro se and incarcerated litigant and is entitled to some leeway in the form and construction of his filings. Furthermore, it is apparent that the plaintiff has directly pointed out factual assertions that he disputes and has offered his own declaration in support of this opposition.

However, the presence of disputed facts in this action does not require resolution of this claim at trial because the factual disputes do not rise to the level of genuine issues of material fact given the totality of the evidence in this action. Even when the disputed facts are viewed in the light most favorable to the plaintiff, there are simply no facts before the Court upon which a reasonable jury could find in favor of the plaintiff on his claim that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment of the United States Constitution.

The Eighth Amendment prohibits the wanton and unnecessary infliction of pain upon a prison inmate. Whitley v. Albers, 475 U.S. 312, 319-20, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). Accordingly, the unjustified infliction of bodily harm upon a prisoner gives rise to a claim under 42 U.S.C. § 1983. Caldwell v. Moore, 968 F.2d 595, 599 (6th Cir. 1992); Franklin v. Aycock, 795 F.2d 1253, 1258 (6th Cir. 1986). However, given the realities of the penological setting, a use of force against a prison inmate may be acceptable if the force is used in a good faith effort for valid penological purposes. Whitley, 475 U.S. at 320-21; Lockett v. Suardini, 526 F.3d 866, 875 (6th Cir. 2008); Parrish v. Johnson, 800 F.2d 600, 604 (6th Cir. 1986). The core judicial inquiry is "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." Hudson v. McMillian, 503 U.S. 1, 6-7, 112 S.Ct. 995, 117 L.Ed.2d 156 (1992) (quoting Whitley, 475 U.S. at 320-21).

The facts of this case do not rise to the level required to implicate constitutional concerns. The plaintiff was in violation of prison policy because he had an earing in his left ear. Although he had apparently had the earring for some length of time while in prison, he was told by two correctional officers at the RMSI to remove the earring. When he objected to removing it and, further, stated that he could not remove it because it was soldered or affixed in his ear in a manner that did not make it readily removable, medical staff were summoned and, after a small measure of difficulty, they were successful in cutting the earring off and removing it. The plaintiff likely suffered some amount of pain and some short-term after effects, such as a small lesion and drainage from the lesion, but there is no evidence that he suffered any type of significant injury or long-lasting after effects.

That is this case in a nutshell. Although the plaintiff is not required to show that he suffered a serious injury to succeed on his claim, see Wilkins v. Gaddy, 559 U.S. 34, 130 S.Ct. 1175, 175 L.Ed.2d 995 (2010) (per curium), he was not subjected to the type of gratuitous infliction of wanton and unnecessary pain that is prohibited by the Eighth Amendment, see Hope v. Peizer, 536 U.S. 730, 738, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002), and the minimal nature of any injury he suffered is properly considered by the Court and reflects the minor nature of the use of force against him. See Hudson, 503 U.S. at 7. There is no evidence that the force used against the plaintiff was malicious or sadistic because it was either unrelated to a legitimate penological purpose or was excessive under the circumstances. What occurred was simply the type of de minimis use of force that sometimes occurs in the prison setting. Such uses of force against a prison inmate, provided they are not the sort that are "repugnant to the conscience of mankind," do not fall within the scope of constitutional protection. Hudson, 503 U.S. at 9-10; Leary v. Livingston Cnty., 528 F.3d 438, 443 (6th Cir. 2008).

The factual disputes raised by the plaintiff concern only the amount of information Defendant Cernawsky provided the plaintiff about the removal of the earring, the exact procedures used during the removal, and whether short term palliative procedures were offered to the plaintiff. However, even if these disputes were resolved in favor of the plaintiff, they would only support a claim of negligence, which is not actionable under Section 1983. In order to be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. Whitley, 475 U.S. at 319.

The plaintiff attempts to portray the event in terms of a medical procedure but the Court is largely unpersuaded by this attempt and does not view the plaintiff as having been subjected to a non-consensual medical procedure. He simply had an earring cut off. Regardless of the semantics used to describe the removal of his earring, it is clear that the procedure was a minor event unrelated to any serious medical need. Even if the Court construed the plaintiff's claim as an Eighth Amendment medical care claim, the evidence in the record falls far short of supporting such a claim. Proof of negligence does not support such a claim, Estelle v. Gamble, 429 U.S. 97, 104-06, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993), and the plaintiff must set forth evidence that the defendant acted with deliberate indifference to the serious medical needs of the plaintiff. Id.; Farmer v. Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994). There is no evidence in this case that satisfies this standard. Merely pointing out ways that Defendant Cernawsky could have handled the situation differently or alternative procedures that could have been used is not sufficient to support a constitutional claim against him. See Graham v. County of Washtenaw, 358 F.3d 377, 384 (6th Cir. 2004).

The Court finds the plaintiff's contention that his medical records have been altered to be speculative and unsupported by any actual evidence.

Although Defendant Cernawsky also argues for dismissal of other claims that are referenced in the complaint, the only claims against Defendant Cernawsky are for a violation of the Eighth Amendment and for assault under state law.  <u>See</u> Complaint (Docket Entry No. 1), at 26.

## B. Defendants Vance and Davis

The plaintiff has not opposed the motion for summary judgment of Defendants Vance and Davis or shown how their actions of requiring that his earring be removed and ordering that the medical staff remove the earring amounted to a violation of his Eighth Amendment rights.  There is nothing in the United States Constitution that gives a convicted prisoner a right to wear an earring while confined, and the Defendants' enforcement of a prison policy against wearing earrings is a matter within their discretion as prison officials.  Given the evidence that is before the Court, there are no facts upon which a reasonable jury could find that their actions constituted cruel and unusual punishment in violation of the Eighth Amendment.  Accordingly, their motion for summary judgment should be granted.

## C. "Nurse Kim"

Process has not been served upon this defendant.  On February 1, 2012, a summons the plaintiff completed was issued for "Kim," <u>see</u> Docket Entry No. 10, but it was returned unexecuted on April 3, 2012, because of the lack of a last name.  <u>See</u> Docket Entry No. 33.  By Order entered November 13, 2012 (Docket Entry No. 74), the Court denied the plaintiff's request for investigative assistance from the U.S. Marshal in determining the identity of this defendant and advised the plaintiff that he was free to seek discovery of this information.  By Order entered February 7, 2013 (Docket

Entry No. 97), the Court notified the plaintiff that the defendant remained unserved, that he was responsible for identifying her for the purpose of service of process, and that she would be subject to dismissal under Rule 4(m) of the Federal Rules of Civil Procedure if she was not served with process by April 30, 2013. On March 28, 2013, the plaintiff filed a motion (Docket Entry No. 122) for an extension of time to complete service of process upon this defendant. By Order entered April 18, 2013 (Docket Entry No. 125), the Court denied the motion to the extent that the plaintiff requested more time to engage in discovery of her identity, but granted the motion to the extent that he sought additional time to show that service had been made and gave him until June 10, 2013, to show why his claims against Nurse Kim should not be dismissed under Rule 4(m). As part of his response to the motion for summary judgment of Defendant Cernawsky, the plaintiff filed a "contention" in which he asserts that Defendant "Nurse Kim" should not be dismissed because Cernawsky did not identify her name in his responses to the plaintiff's discovery requests and that the defendants were attempting to conceal her identity. See Docket Entry No. 134-2.

The plaintiff has not shown good cause why process has not been served upon this defendant in the last 17 months. Further, he has not provided any support for his assertion that the defendants have conspired to conceal the identity of this defendant. Accordingly, dismissal of this defendant under Rule 4(m) of the Federal Rules of Civil Procedure is appropriate.

Further, as set out infra, however, the plaintiff's underlying Section 1983 claims warrant dismissal on their merits and, thus, dismissal of the claims against Nurse Kim would likewise be warranted even if she had been served and joined in the motion for summary judgment.

D. State Law Claim

     The plaintiff also asserts a claim for assault against Cernawsky and Nurse Kim under state law. The Court should decline to exercise jurisdiction over such a claim. With the dismissal of the plaintiff's Section 1983 claims, the Court no longer has original jurisdiction over any claims brought by the plaintiff and the provisions of 28 U.S.C. § 1367(c) apply. This section provides that:

> (c) The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if --
>
>      . . . .
>
>      (3) the district court has dismissed all claims over which it has original jurisdiction,

     The decision of whether to retain jurisdiction over state law claims upon the dismissal of the federal law claims asserted in an action is left to the broad discretion of the Court. See Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350-52, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988); Musson Theatrical, Inc. v. Federal Express Corp., 89 F.3d 1244, 1254 (6th Cir. 1996). In considering whether to continue to exercise supplemental jurisdiction over such state law claims, the Court must consider the provisions of Section 1367(c) and the factors the United States Supreme Court outlined in Cohill, 484 U.S. at 350-51, and United Mine Workers v. Gibbs, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966). These factors include judicial economy, convenience, fairness, and comity. Cohill, 484 U.S. at 350. Although not mandatory or absolute, the general rule is to decline to exercise jurisdiction over supplemental state law claims when all federal claims are eliminated from a case before trial. Musson, 89 F.3d at 1254-55 (gathering cases from the Sixth Circuit Court of Appeals that follow the general rule). In the instant action, the balance of factors weighs in favor of dismissal of the plaintiff's state law claim without prejudice so it can be pursued in the state courts if he so wishes.

## RECOMMENDATION

Based on the foregoing, the Court respectfully RECOMMENDS that:

1) the motion for summary judgment filed by Defendant Steve Cernawsky (Docket Entry No. 104) and the motion for summary judgment filed by Defendants Thomas Vance and Ed Davis (Docket Entry No. 109) be GRANTED;

2) Defendant "Nurse Kim" be DISMISSED pursuant to Rule 4(m) of the Federal Rules of Civil Procedure; and

3) the Court decline to exercise supplemental jurisdiction over the plaintiff's state law claim for assault and this claim be DISMISSED WITHOUT PREJUDICE.

ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within fourteen (14) days of service of the Report and Recommendation upon the party and must state with particularity the specific portions of this Report and Recommendation to which objection is made. Failure to file written objections within the specified time can be deemed a waiver of the right to appeal the District Court's Order regarding the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).

Respectfully submitted,

JULIET GRIFFIN
United States Magistrate Judge